IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KENNETH J. FLETCHER,**

      **Plaintiff,**

  vs.                                    Civil Action 2:07-CV-325
                                              Magistrate Judge King

**DEPUTY ROBERT K. VANDYNE,**
**et al.,**

      **Defendants.**

## OPINION AND ORDER

This is a civil rights action under 42 U.S.C. §1983 in which plaintiff, a state inmate, alleges that defendants, Muskingum County and officers of the Muskingum County Sheriff's Department, violated plaintiff's constitutional rights while he was housed at the Muskingum County Jail. This matter is before the Court on *Motion of Plaintiff Kenneth J. Fletcher to Exclude Expert Testimony of Defense Expert Witness Steve Ijames*, Doc. No. 31 ("*Motion to Exclude*"). For the reasons set forth below, the *Motion to Exclude* is **GRANTED in part and DENIED in part**.

I.    BACKGROUND

While he was incarcerated in the Muskingum County Jail, plaintiff, a Muslim, requested non-pork food. *Amended Complaint*, ¶¶ 18, 22, Doc. No. 3 ("*Am. Comp.*"). On April 21, 2006, plaintiff complained that he had been served pork-based bologna. *Id*. at ¶ 23. Defendant Robert VanDyne stated that the food was turkey. *Id*. at ¶ 24. A physical altercation ensued, resulting, plaintiff alleges, in physical injury to him. *Id*. at ¶¶ 25-31.

Plaintiff filed this lawsuit alleging that defendants violated his constitutional rights. *Am. Comp.* Specifically, plaintiff alleges that he was subjected to excessive force and was denied medical treatment. *Id*. at ¶¶ 32-42, 60-66, 92-102, 120-126, 139-150. Plaintiff also alleges that the defendant county failed to properly train its employees and that the alleged deprivations resulted from the county's customs and policies. *Id*. at ¶¶ 43-59, 67-78, 103-119, 127-138, 151-163. Plaintiff also asserts a claim under RLUIPA, 42 U.S.C. § 2000cc-1, alleging the denial of his religious freedoms. *Id*. at ¶¶ 79-85. Finally, plaintiff asserts a supplemental claim of common law battery. *Id*. at ¶¶ 86-91.

The deadline for making primary expert designations was July 15, 2008, and the deadline for making rebuttal expert designations was August 15, 2008. *Entry and Order*, Doc. No. 20. Defendants served on plaintiff their expert disclosures, which included the report of Major Steve Ijames, identified as an expert on the use of force by law enforcement personnel. *See* Exhibit A, attached to *Motion to Exclude* ("*Ijames Report*"). Plaintiff moves to exclude the testimony and report of Major Ijames for three reasons. First, plaintiff argues that Major Ijames relies, in contravention of Fed. R. Evid. 702, on facts that are in dispute. *Motion to Exclude*, pp. 6-8 (citing, *inter alia*, *Ijames Report*). Second, plaintiff contends that Major Ijames improperly offers legal conclusions. *Id*. at 8-11. Finally, plaintiff argues that Major Ijames, in offering opinions concerning the constitutionality of defendants' actions and defendants' states of mind, is acting outside his area of expertise. *Id*. at 11-12.

Defendants respond that the Federal Rules of Evidence permit an

2

expert to assume a party's version of the facts. *Defendants' Memorandum in Opposition to Plaintiff's Motion to Exclude Steve Ijames [Doc. 31]*, Doc. No. 32, pp. 9-11 ("*Memo. in Opp.*"). Defendants also contend that experts are permitted to opine on the ultimate issue in a case; in this regard, defendants contend that their expert is permitted, and qualified, to opine on whether the amount of force applied was reasonable under the circumstances. *Id*. at 11-12. Defendants also deny that Major Ijames is testifying as to defendants' mental states. *Id*. at 12-13. According to defendants, plaintiff's challenges to this expert testimony may be the subject of cross-examination, but not a basis for excluding the testimony of Major Ijames. *Id*. at 14.

**II.  STANDARD**

Fed. R. Evid. 702 governs the admissibility of expert testimony:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Courts typically accord expert witnesses "wide latitude" when offering opinions, reasoning that "the expert's opinion will have a reliable basis in the knowledge and experience of his discipline." *Daubert v. Merrell Dow Pharms.*, 508 U.S. 579, 592 (1993).

Nevertheless, a trial judge performs a "gatekeeping" function by ensuring that expert testimony and evidence are relevant and reliable. *See Daubert*, 508 U.S. at 589. In performing that function, "a court must be sure not 'to exclude an expert's testimony on the ground that

3

the court believes one version of the facts and not the other.'" *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 529 (6th Cir. 2008) (quoting Fed. R. Evid. 702 advisory committee note, 2000 amend.). Accordingly, an expert may base an opinion on assumed facts if those facts are supported by the record. *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 801 (6th Cir. 2000). "Mere 'weaknesses in the factual basis of an expert witness' opinion . . . bear on the weight of the evidence rather than on its admissibility.'" *Id*. (quoting *United States v. L.E. Cooke Co.*, 991 F.2d 336, 342 (6th Cir. 1993)). *See also Daubert*, 509 U.S. at 595 ("It is the jury, not the court, who considers the correctness of the expert's conclusions."); *In re Scrap Metal Antitrust Litig.*, 527 F.3d at 530.

However, experts may not express legal conclusions. "Although an expert's opinion may 'embrace[] an ultimate issue to be decided by the trier of fact[,]' Fed. R. Evid. 704(a), the issue embraced must be a factual one." *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994). Similarly, an expert will not be permitted to testify beyond his or her areas of expertise. *See*, *e.g.*, *Marquardt v. Joseph*, No. 98-5163, 1999 U.S. App. LEXIS 5984, at *4 (6th Cir. Mar. 30, 1999).

**III. DISCUSSION**

Plaintiff first challenges the report of Major Ijames because it allegedly relies on facts that "remain in dispute." *Motion to Exclude*, pp. 6-7. As discussed *supra*, an expert may rely on assumed facts if there is support in the record for those facts. Here, plaintiff's attack focuses on the disputed nature of the facts, rather

4

than on any lack of foundation for those facts in the record. Plaintiff's criticism may go to the weight to be accorded this evidence, but is not sufficient to preclude its admissibility. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

Plaintiff next contends that the report and testimony of Major Ijames should be excluded because it offers improper legal conclusions. For example, Major Ijames specifically states that defendants' various actions did not violate plaintiff's constitutional rights. *Motion to Exclude*, pp. 9-11 (quoting *Ijames Report*). This Court agrees that such conclusory statements constitute impermissible legal conclusions. *See Berry*, 25 F.3d at 1353. However, plaintiff agrees that Major Ijames's expertise lies in "the use of force in law enforcement contexts." *Motion to Exclude*, p. 4. *See also* Exhibit A, attached to *Memo. in Opp.* Therefore, to the extent that Major Ijames testifies that defendants acted reasonably under the circumstances, such testimony is admissible. *See*, *e.g.*, *Graham v. Connor*, 490 U.S. 386 (1989).

Finally, plaintiff argues that Major Ijames improperly testifies to matters outside his area of expertise, *i.e.*, constitutional law and "telepathic mind-reading." *Motion to Exclude*, pp. 11-12 (quoting *Ijames Report*). As noted *supra*, the Court will not permit any legal conclusions concerning plaintiff's constitutional rights. Moreover, the Court will not permit the expert to speculate as to defendants' states of mind.

**WHEREUPON** *Motion of Plaintiff Kenneth J. Fletcher to Exclude Expert Testimony of Defense Expert Witness Steve Ijames*, Doc. No. 31, is **GRANTED in part and DENIED in part**. The Court will not exclude the entire report and testimony of Mr. Ijames. However, the Court will not consider any expert opinions regarding the constitutionality of defendants' actions or speculation regarding defendants' mental states.

February 24, 2009                         *s/Norah McCann King*
                                          Norah McCann King
                                          United States Magistrate Judge