IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KENNETH J. FLETCHER,**

      **Plaintiff,**

  vs.                                      Civil Action 2:07-CV-325
                                                  Magistrate Judge King

**DEPUTY ROBERT K. VANDYNE,**
**et al.,**

      **Defendants.**

## OPINION AND ORDER

**I.    BACKGROUND**

On June 11, 2009, this Court denied defendants' motion for summary judgment as to plaintiff's claims that defendants used excessive force against him when confining him to a restraint chair and denied him medical treatment on April 21, 2006. *Opinion and Order*, Doc. No. 42. A jury trial is scheduled to begin in this matter on October 5, 2009. *Order*, Doc. No. 52; *Order*, Doc. No. 61.

Defendants have filed several motions *in limine*. First, defendants seek to preclude evidence regarding uses of a TASER on individuals other than plaintiff. *Defendants' Motion in Limine Regarding Other Uses of Taser*, Doc. No. 62 ("*Defendants' Motion Regarding Other Uses of Taser*"); *Defendants' Reply in Support of Their Motion in Limine Regarding Other Uses of Taser*, Doc. No. 70 ("*Defendants' Reply*"). Second, defendants move to prohibit alleged comments made by Deputy Erin Fuller. *Defendants' Motion in Limine Regarding Plaintiff's Claims Regarding Alleged Comments by Deputy Erin Fuller*, Doc. No. 64 ("*Defendants' Motion Regarding Deputy Fuller*").

Finally, defendants seek to preclude evidence related to asphyxiation and injuries to plaintiff's groin. *Defendants' Motion in Limine Regarding Testimony, Documents, and Other Evidence Related to Asphyxiation and Injuries to the Groin*, Doc. No. 63 ("*Defendants' Motion Regarding Asphyxiation and Groin Injuries*"). Plaintiff has responded to these motions. Doc. Nos. 69, 73, 74, 75. This matter is now ripe for resolution.

**II. STANDARD**

"Motions *in limine* are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Ind. Ins. Co. v. Gen'l Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Whether or not to grant a motion *in limine* is within the sound discretion of the Court. *See*, *e.g.*, *United States v. Hurd*, No. 92-5988, 1993 U.S. App. LEXIS 25718, at *9 (6th Cir. Oct. 1, 1993); *Goldman v. Healthcare Mgmt. Sys.*, 628 F. Supp. 2d 748, 751 (W.D. Mich. 2008).

**III. DISCUSSION**

    **A.    Defendants' Motion Regarding Other Uses of Taser**

Defendants seek to prohibit plaintiff from introducing evidence related to past TASER use by the Muskingum County Sheriff's Office. *Defendants' Motion Regarding Other Uses of Taser*, p. 2 (citing Exhibit 1,[1] attached thereto). More specifically, defendants seek to preclude

---

[1] Exhibit 1 is "Appendix C" listing plaintiff's trial exhibits, which was attached to the proposed pretrial order. Doc. No. 46-3. Although the Court notes that plaintiff later amended this appendix, *see* Doc. No. 50, the disputed exhibits remain in the amended version.

the admission of narrative and supplementary reports related to past TASER uses by the Muskingum County Sheriff's Office, which are identified as Plaintiff's Exhibits 32 through 47 (collectively, "the reports"). *Id.*; *Defendants' Reply*, p. 1.[2] Defendants argue that these exhibits relate to plaintiff's *Monell* claims that were previously dismissed by this Court and are irrelevant to the remaining claims. *Defendants' Motion Regarding Other Uses of Taser*, p. 3. Defendants further contend that the danger of unfair prejudice– that the reports portray defendants as excessive in their use of the TASER– outweighs any possible relevance that the Court may find. *Id.*

In response, plaintiff argues that "prior usage and practices relating to the restraint chair [contained within the reports] is of the utmost relevance to the issues to be litigated[.]" *Memorandum Contra Defendants' Motion in Limine Regarding Other Uses of Taser*, Doc. No. 69 ("*Memo. Contra*"), p. 3. Plaintiff further contends that "Defendants' usage of the restraint chair carries great probative value for the jury's consideration of Defendants' practices, procedures, and deviations therefrom." *Id*. *See also Surreply to Defendants' Reply in Support of Their Motion Motion* [sic] *in Limine Regarding Other Uses of Taser*, Doc. No. 73, p. 2.

As an initial matter, this Court questions whether plaintiff would be able to authenticate these records at trial. With two

---

[2]Initially, defendants sought to preclude admission of plaintiff's Exhibits 32-40, but then later extended the scope of their request to exclude Exhibits 41-47 once they received copies of plaintiff's trial exhibits for the first time. *Defendants' Reply*, p. 1.

exceptions,³ all of these reports were authored by persons who are not defendants in this lawsuit and who will not be testifying at trial. *Order*, Doc. No. 84. Nevertheless, even if plaintiff could authenticate them, the Court concludes that these records have little, if any, probative value. Fed. R. Evid. 401, 402. As referenced *supra*, most of these records involve persons who are not defendants. *See* Exhibits 32-36, 38, 40-47, attached to *Memo. Contra* and *Defendants' Reply*. In addition, seven of these records detail incidents that occurred after the incident at issue in this lawsuit, which occurred on April 21, 2006. Exhibits 41-47, attached to *Memo. Contra*. Under these circumstances, plaintiff has failed to persuade the Court that these records are of "great probative value" to the jury.

Moreover, the Court concludes that the danger of unfair prejudice, waste of time and confusion of the issues is substantial. The jury, upon hearing the details of the unrelated events contained in the reports, is likely to engage in improper reasoning that Muskingum County officers have used excessive force when employing the TASER. This evidence is also likely to waste time by distracting the jury from the issues in this case, namely, whether or not the remaining defendants used excessive force by use of the restraint chair or denied plaintiff medical treatment. The risk of unfair prejudice therefore substantially outweighs any probative value this evidence may have. Fed. R. Evid. 403. Accordingly, *Defendants'*

---

³Defendants represent that "Inman," one of the authors of one of the records, is the same person as Deputy Erin Fuller, previously named as a defendant in this action. Defendant Lang is also the author of one of the records. Both of these individuals have been named as witnesses by plaintiff.

*Motion in Limine Regarding Other Uses of Taser*, Doc. No. 62, is **GRANTED**. Plaintiff is prohibited from introducing evidence relating to other uses of the TASER, specifically, plaintiff's Exhibits 32-47.

**B. Defendants' Motion Regarding Deputy Fuller**

Deputy Erin Fuller was named as a defendant in this action. *First Amended Complaint*, Doc. No. 3, ¶ 11. Plaintiff alleged that Deputy Fuller told plaintiff that he was a "disgrace to the white race." *Id*. at ¶ 19. On June 11, 2009, the Court dismissed all claims against Deputy Fuller. *Opinion and Order*, Doc. No. 44, pp. 46-47.

Defendants seek to preclude plaintiff from introducing evidence regarding Deputy Fuller's alleged comments because they relate to plaintiff's RLUIPA claim, which was dismissed, and any probative value is outweighed by the danger of unfair prejudice. *Defendants' Motion Regarding Deputy Fuller*, pp. 2-3. Although he admits that the RLUIPA claim was dismissed and that Deputy Fuller is no longer a defendant, plaintiff argues that the alleged comment "is relevant to illustrate the attitude and motivation behind the unconstitutional treatment suffered by Plaintiff at the hands of Defendants." Doc. No. 75, p. 2. Plaintiff further contends that the alleged comment "supports the fact that the Defendants acted consistently with the overall attitude and treatment of Plaintiff" that "culminated with Plaintiff being confined to the restraint chair for 5-6 hours." *Id*. at 2-3.

Plaintiff's arguments are unpersuasive. Not only is Deputy Fuller no longer a defendant in this action, but plaintiff never alleged that she was personally involved in placing plaintiff in the restraint chair or the alleged denial of medical treatment. Plaintiff

has failed to present any evidence that Deputy Fuller's alleged comment contributed in any way to the remaining defendants' placement of plaintiff in the restraint chair and/or the alleged denial of medical care. Based on the present record, therefore, there is nothing to persuade the Court that Deputy Fuller's alleged comment is at all relevant to remaining claims in this case. *See* Fed. R. Evid. 401, 402. Even if they were, the danger of unfair prejudice substantially outweighs any probative value associated with the proffered evidence. Fed. R. Evid. 403. Accordingly, *Defendants' Motion in Limine Regarding Plaintiff's Claims Regarding Alleged Comments by Deputy Erin Fuller*, Doc. No. 64, is **GRANTED**. Plaintiff is precluded from introducing evidence of Deputy Fuller's alleged comment to the effect that plaintiff "is a disgrace to the white race."

    **C.    Defendants' Motion Regarding Asphyxiation and Groin Injuries**

Plaintiff has identified certain medical records that he intends to use as exhibits at trial. Doc. No. 50; Exhibits 1 and 2, attached to *Defendants' Motion Regarding Asphyxiation and Groin Injuries*. The first record, dated April 24, 2006, states that plaintiff reported an injury to his groin and that defendants "choked" him. Exhibit 1. The second exhibit, on Guernsey County Sheriff's Office letterhead, is dated August 4, 2006 and details another alleged incident involving injury to plaintiff's groin area. Exhibit 2.

Defendants seek to prohibit plaintiff from introducing this evidence relating to asphyxiation and groin injuries. *Defendants' Motion Regarding Asphyxiation and Groin Injuries*, pp. 2-3. Defendants argue that this evidence is irrelevant because plaintiff's

asphyxiation claims have been dismissed and because plaintiff has alleged only injuries to his back, side and neck-- and never to his groin.  *Id*. (citing Exhibits 1 and 2, attached thereto); Doc. No. 80 (citing *Deposition of Kenneth Fletcher*, Doc. No. 35 ("*Fletcher Depo.*"), pp. 63-65).  Plaintiff, however, contends that the evidence is "relevant to Plaintiff's claim that the Defendants denied Plaintiff medical care" and "also shows that as a result of Defendants' treatment of Plaintiff he sustained injuries to the groin."  Doc. No. 74, pp. 2-3.  Plaintiff also asserts, without citation to the record, that defendants knew of plaintiff's alleged groin injuries "from early in this litigation process and such injury is foreseeable from the facts of this case[.]"  *Id.* at 3.

Plaintiff's arguments are without merit.  First, plaintiff did not base any claims on injury to the groin or otherwise complain about groin injuries in his deposition.  *First Amended Complaint*, ¶¶ 28-29, 31; *Fletcher Depo.*, pp. 63-69.  The fact that defendants may have had prior notice that plaintiff at one point complained of a groin injury is immaterial, particularly when no existing claim is based on such an injury and one of the records relates to a completely separate event that is not at issue here.  Therefore, the Court concludes that evidence relating to injuries to plaintiff's groin are irrelevant.  Fed. R. Evid. 401, 402.

Second, plaintiff's claims based on asphyxiation have been dismissed.  Plaintiff fails to explain how evidence relating to asphyxiation would assist the jury in resolving the two remaining claims, excessive force relating to use of the restraint chair and denial of medical treatment.  Fed. R. Evid. 401, 402.  Even if

7

plaintiff could demonstrate relevance, the evidence is likely to confuse the jury into believing that plaintiff's surviving claim of excessive force includes allegations of asphyxiation. Under these circumstances, the Court concludes that any probative value of this evidence is substantially outweighed by the danger of confusion of the issues and misleading the jury. Accordingly, *Defendants' Motion in Limine Regarding Testimony, Documents, and Other Evidence Related to Asphyxiation and Injuries to the Groin*, Doc. No. 63, is **GRANTED**. Plaintiff is prohibited from introducing evidence related to asphyxiation and injuries to the groin, including medical records attached as Exhibits 1 and 2 to defendants' motion.

**WHEREUPON**, *Defendants' Motion in Limine Regarding Other Uses of Taser*, Doc. No. 62, is **GRANTED**; *Defendants' Motion in Limine Regarding Testimony, Documents, and Other Evidence Related to Asphyxiation and Injuries to the Groin*, Doc. No. 63, is **GRANTED**; and *Defendants' Motion in Limine Regarding Plaintiff's Claims Regarding Alleged Comments by Deputy Erin Fuller*, Doc. No. 64, is **GRANTED**.

October 2, 2009                    *s/Norah McCann King*
                                   Norah M$^c$Cann King
                                   United States Magistrate Judge